IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PRECIOUS NICOLE MCNEIL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO.: 4:22-cv-16 |

**O R D E R**

Plaintiff, acting *pro se*, filed this lawsuit, (doc. 1), and she concurrently filed a Motion to Proceed *in Forma Pauperis*, (doc. 2). She has since filed a "Request for US Marshall's [sic] Certificate of Service." (Doc. 5.) As set forth below, the Court **DISMISSES** Plaintiff's Complaint for failure to state a claim, **DENIES** all pending Motions, and directs the Clerk of Court to **CLOSE** this case.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within

the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a complaint filed in conjunction with an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

Plaintiff has failed to state a claim upon which relief can be granted and has instead filed what courts have referred to as a "shotgun pleading."

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotations omitted). Shotgun pleadings are pleadings that violate either Federal Rule of Procedure 8(a)(2)[1] or Rule 10(b).[2] Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified "four rough types" of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations

---

[1] Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, Plaintiff's Complaint bears the hallmarks of a shotgun pleading. Specifically, Plaintiff does not clearly state each cause of action, does not separate each claim into separate counts, does not explicitly provide the exact legal basis for each claim, and she only provides vague and rambling conclusory allegations that bear no resemblance to a plausible claim for relief. As a pro se litigant, Plaintiff is entitled to a degree of charity and IS held to a less stringent standard than represented parties. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted). Nonetheless, Plaintiff must still comply with procedural requirements. McNeil, 508 U.S. at 113. Further, her pleadings must be of a sufficient quality that the Court can discern their purpose and content without engaging in a scavenger hunt. "Judge are not like pigs, hunting for truffles buried in [pleadings]." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, judges "are not archaeologists. They need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." Nw.

Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662–63 (7th Cir. 1994).  Judges need not endeavor to "fish a gold coin from a bucket of mud."  U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).  Plaintiff's Complaint contains a litany of conspiratorial allegations against the United States and other entities that bear no resemblance to reality.  The Court will not carefully wade through these fanciful allegations to assess whether Plaintiff has included some cogent allegation within them.

Moreover, having read through Plaintiff's Complaint, the Court sees no plausible claim for relief against the United States.  The following is emblematic of the unsupported and implausible allegations she makes against the United States:

> Evidence gathered by the plaintiff highly suggests that the United States Government used major organizations such as Google, Microsoft, Apple, Facebook and other entities to illegally hack, track, study, monitor, record, document, and create scripts centered around the plaintiffs personality traits, shopping and browsing history, financial records, confidential research, trade secrets, digital dairy, creative ideas, personal habits, favorite shows, music, food, and intimate life stories, that are continuously distributed and sold to multiple Google Youtubers and other social media influencers, generating a fortune, through the illegal project titled, "The Power of Adversity."

(Doc. 1, p. 29.)  Moreover, Plaintiff has failed to connect her wide-ranging factual allegations to a cognizant legal theory.  Even if the Court could construe her claims as being made pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Bivens only authorizes claims against federal actors individually, not the United States.  Sharma v. Drug Enforcement Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)).

**CONCLUSION**

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint, and **DIRECTS** the Clerk of Court to **CLOSE** this case. The Court **DENIES** all pending motions as **MOOT**.

**SO ORDERED**, this 4th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA